UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREG NEELY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-CV-0018-CVE-FHM |
| ) | |
| CITY OF BROKEN ARROW, ) | |
| OKLAHOMA, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint and Brief in Support (Dkt. # 25). Plaintiff Greg Neely ("Neely") filed his second amended complaint (Dkt. # 24) on June 7, 2007, wherein he alleges that defendant City of Broken Arrow, Oklahoma ("City") retaliated against him in violation of section 704(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. Specifically, plaintiff claims that he "was denied a promotion to the position of Fire Chief and subsequently demoted in retaliation for participating in the investigation of and for opposing what he reasonably believed in good faith to be unlawfully discriminatory practices of his employer." Dkt. # 24, at 1. Defendant now moves to dismiss the second amended complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction. For the reasons set forth below, the Court finds that the motion should be **denied** at this time, without prejudice to renewal.

**I.**

To begin, a brief review of the procedural history is necessary. Neely alleged in his original complaint that in May 2003, several on-duty firefighters sexually harassed female members of the

public while attending a training program. Dkt. # 2, at 3. Neely, who was then the deputy fire chief, soon learned of the incident and began an investigation. Following the investigation, Neely recommended disciplining the three firefighters. This decision lead to an arbitration proceeding, in which the findings of Neely's investigation were upheld.[1]  Id. at 2. Neely alleges that as a result of this investigation, the City fire department denied him a promotion on December 17, 2004 and demoted him shortly thereafter. Id. at 5-6.

On October 11, 2005, the Equal Employment Opportunity Commission ("EEOC") received Neely's general intake questionnaire. Dkt. # 33-3, at 3. In the questionnaire, Neely stated that the City retaliated against him "for investigating a [d]iscipline issue where members were sexually harassing a woman while on a training mission in Stillwater[,] OK. These members were subsequently [d]isciplined & found guilty of these & other offenses in an arbitration hearing." Id. at 5. Neely also attached an affidavit, which was prepared with the assistance of an out-of-state attorney group, Legal Momentum. Dkt. # 33-4, at 1. The affidavit focused the EEOC's attention on the "central issue in this case[:] [] whether Greg Neely can bring a legal action against the City of Broken Arrow for passing him over as fire chief, in affect [sic] demoting him, and ostracizing him in retaliation for his involvement ensuring the discipline of firefighters who sexually harassed the public." Id.

On November 28, 2005, the EEOC received Neely's formal charge of discrimination. See Dkt. # 33-2. In the charge, Neely checked the "retaliation" box and stated that January 1, 2005 was

---

[1] The issue before the arbitrator was whether the City had authority to punish the firefighters for their inappropriate behavior while attending the training session and for their uncooperative behavior during the investigation. Dkt. # 33-5, at 2.

the earliest and latest date on which the discrimination took place.[2] Id. at 1. He also left the "continuing action" box blank. Id. Neely mentioned only his investigation of the three firefighters and the resulting arbitration proceeding in his charge. See Dkt. # 33-2, at 1. Two months later, Neely filed an amended charge. See Dkt. # 25-3, at 1. He similarly failed to mention any incident other than his investigation of the three firefighters' "sexual harassment charges." Id. On August 4, 2006, Neely received a determination letter from the EEOC. In the letter, the EEOC stated that their investigation had established a violation of Title VII. Dkt. # 25-2, at 1-2. The investigation "revealed sufficient evidence to establish that [plaintiff] did reasonably and in good faith engage in a protected activity when he disciplined three of his subordinates for sexually harassing a member of the public." Dkt. # 29, at 11 (emphasis added). The EEOC invited the parties "to join it in collective efforts toward a just resolution of this matter." Id.

The parties did not resolve the matter, however, as Neely filed the instant action on January 17, 2007. Dkt. # 2. In the original complaint, Neely recited the May 2003 incident and the resulting investigation. See id. at 3-6. Instead of answering Neely's allegations, the City moved to dismiss the complaint for failure to state claim. Dkt. # 25-4. In response, Neely amended his complaint. See Dkt. # 9. Neely alleged that he reasonably believed that the firefighters' conduct "while they were on duty and driving a Broken Arrow Fire Department van constituted unlawful sex discrimination and/or created a sexually offensive and hostile workplace" under Title VII. Id. at 4. Consequently, the City filed a second motion to dismiss.

---

[2] Neely may have chosen January 1, 2005 as the date on which the alleged discrimination took place because he claims that defendant removed him from the chain of command and relieved him of his take-home vehicle in January 2005. Dkt. # 33-3, at 5; see Dkt. # 33-4, at 5.

The Court denied the City's motion and granted Neely ten days in which to file a second amended complaint. Neely v. City of Broken Arrow, Okla., No. 07-CV-0018-CVE-FHM, 2007 WL 1574762, at * 5 (N.D. Okla. May 29, 2007). Notwithstanding this determination, the Court noted that "[t]o the extent plaintiff includes factual allegations that the underlying conduct relates to an employment practice, he will have stated a claim upon which relief may be granted. To the extent that his second amended complaint is based on alleged sexual harassment of the public, then the Court will dismiss the complaint." Id. (emphasis added). Neely has now filed a second amended complaint. See Dkt. # 24.

In his second amended complaint, Neely asserts several new allegations. He elaborates on "the pattern of sexually harassing conduct" allegedly exhibited by the three firefighters. See Dkt. # 24, at 3. He states that "upon information and belief, one or more of these firefighters brought this sexually harassing conduct into the Broken Arrow Fire Department workplace by retelling these sexually charged exploits to co-workers upon their return from the Stillwater training event." Id. at 3-4. According to Neely, department "employees were offended both by the conduct of the three firefighters and by having stories of these events brought into" the workplace. Id. at 4. Neely further avers that during his investigation of the three firefighters, he

> became aware of conduct by one or more of the offending firefighters that included repeated episodes of sexually offensive speech in the workplace, bringing women to the fire station for sexual activities, using Fire Department computers for openly participating in sexually-oriented chat rooms and viewing pornography, and then commenting to co-workers upon the pornographic material they had seen, and accosting a female Broken Arrow City employee on the job with the demand to 'show us your tits.' It was reported to [] plaintiff that this conduct was highly offensive to employees of the Broken Arrow Fire Department.

Id. Neely supports these allegations with his personal affidavit, dated July 16, 2007, in which he attests that "to the best of my recollection I provided this information in some form to the EEOC

6

investigator either in writing or verbally." Dkt. # 29-2, Affidavit of Greg Neely, at 4. Neely concludes his new averments by claiming that he reasonably believed in good faith that the firefighters' conduct constituted unlawful sex discrimination, and that "such conduct created, contributed to, and/or created the serious potential for a sexually offensive and hostile workplace for both male and female employees." Dkt. # 24, at 5. Defendant moves to dismiss the second amended complaint for lack of subject matter jurisdiction on the basis of failure to exhaust administrative remedies as to co-worker harassment.

**II.**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) should be granted if a plaintiff cannot establish that the court has jurisdiction over the defendant. In addressing whether dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction is appropriate, a court may consider documents submitted by the parties to resolve any jurisdictional fact questions. See Sizova v. Nat'l Inst. of Standards & Tech., 282 F.3d 1320, 1324-25 (10th Cir. 2002) (requiring conversion to a motion for summary judgment under Fed. R. Civ. P. 56 only when the jurisdictional question is intertwined with the merits of the case); see also Davis ex rel. Davis v. United States, 343 F.3d 1282, 1294 (10th Cir. 2003) ("[I]t is appropriate, particularly in the exhaustion context, for a district court to consider evidence beyond the pleadings in resolving a challenge to subject-matter jurisdiction."). Here, the parties have submitted materials outside of the pleadings. The Court need not convert this motion to one for summary judgment, however, because the jurisdictional question is not intertwined with the merits of this case. Sizova, 282 F.3d at 1324-25 ("[T]he jurisdictional issue is whether [plaintiff] has exhausted h[is] administrative remedies, a matter that is simply not an aspect of h[is]

7

substantive claim of discrimination."). Accordingly, the Court will consider the parties' proffered exhibits.

### III.

"Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII." Jones v. Runyon, 91 F.3d 1398, 1399 (10th Cir. 1996) (internal quotation marks and citation omitted). To exhaust administrative remedies, a plaintiff must timely file a charge of discrimination with the EEOC. See 42 U.S.C. § 2000e-5(b). For a charge to be timely in a deferral state like Oklahoma,[3] the charge must be filed within 300 days of the last discriminatory act.[4] See id. "A plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC."

---

[3] Whether a state is deferral or non-deferral depends on the existence of state or local fair employment practice agencies. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002); Shempert v. Harwick Chem. Corp., 151 F.3d 793, 796 n.3 (8th Cir. 1998).

[4] The Court notes, sua sponte, that a question exists as to whether plaintiff has exhausted his administrative remedies with regard to his retaliation claim and any supporting facts. Plaintiff alleges two discrete acts of retaliation. Dkt. # 29, at 6. He claims defendant denied him promotion on December 17, 2004 and demoted him shortly thereafter. Id. at 6. The EEOC received plaintiff's general intake questionnaire on October 11, 2005. Dkt. # 33-3, at 3. Two-hundred and ninety-eight days elapsed between the earliest retaliatory act, the denial of promotion, and the EEOC's receipt of plaintiff's intake questionnaire. The EEOC did not receive plaintiff's formal EEOC charge until November 28, 2005, however. Dkt. # 33-2, at 1. While plaintiff's EEOC charge lists the earliest and latest date on which the alleged discrimination took place as January 1, 2005, id., three-hundred and thirty-two days elapsed between the latest date on which the alleged discrimination took place and the EEOC's receipt of plaintiff's formal charge. Thus, a threshold issue exists as to whether plaintiff filed a timely charge and exhausted his administrative remedies. This Court reserves ruling on this issue until the United States Supreme Court decides whether an intake questionnaire may qualify as a formal charge for the purpose of timely exhaustion of administrative remedies. See Holowecki v. Fed. Express Corp., 440 F.3d 558 (2d Cir. 2006), cert. granted, ___ U.S. ___, 127 S. Ct. 2914 (2007); Supreme Court of the United States, www.supremecourtus.gov/oral_arguments/argument_ transcripts.html (last visited November 26, 2007) (case argued November 6, 2007).

MacKenzie v. Denver, 414 F.3d 1266, 1274 (10th Cir. 2005).  Thus, if the EEOC is not reasonably expected to investigate a plaintiff's claim or its underlying factual allegations, a court does not have jurisdiction to consider the matter.

The Tenth Circuit has yet to address the issue of whether a plaintiff can alter the nature of his retaliation claim by raising previously un-pled facts in response to a motion to dismiss a second amended complaint.  Nevertheless, the Circuit has stressed the significance of the underlying factual allegations in the EEOC charge.  In Mackenzie, the plaintiff filed an EEOC charge stating that her employer discriminated against her because of coronary disease.  414 F.3d at 1272-73.  On appeal, the plaintiff asserted that her employer discriminated against her because of a second disability, depression.  Id. at 1274.  The court found that the plaintiff's second alleged disability plainly exceeded the scope of her timely-filed charge, because even liberally construed, the charge alleged only one disability.  Id.  The court's examination of the plaintiff's disability claim, therefore, was limited to the initial factual allegation.  Id.

Here, defendant moves to dismiss plaintiff's second amended complaint for lack of jurisdiction.  Defendant claims that plaintiff's "new" factual allegations exceed the scope of the original and amended EEOC charges and thus are time-barred.  Dkt. # 33, at 3, 5.  According to defendant, "plaintiff seeks to avoid dismissal of his lawsuit by inviting this Court to read his EEOC [c]harge so liberally and broadly that it would encompass a basis for retaliation never presented to nor investigated by the EEOC."  Id. at 1.  "Although [p]laintiff is staying under the 'retaliation for investigating harassment umbrella, he now wants to switch tracks and allege it relates to co-worker sexual harassment."  Id. at 5 (emphasis in original).  Plaintiff responds that "the scope of what a plaintiff may litigate is governed by the scope of the EEOC investigation that could reasonably be

expected to grow from the information provided by the charging party." Dkt. # 29, at 9. "The broad scope of plaintiff's charge is self-evident from the language of the charge itself." Id. at 8. In essence, plaintiff avers that, because he is merely asserting factual allegations previously provided to the EEOC and the City and not an entirely new claim, the factual allegations automatically fall within the scope of his retaliation claim in his EEOC charge.

The Court finds that it lacks sufficient evidence to determine the scope of plaintiff's EEOC charge at this juncture. Plaintiff's affidavit, submitted in response to defendant's motion to dismiss, creates a factual issue as to whether plaintiff "provided this information in some form to the EEOC investigator either in writing or verbally." Dkt. # 29-2, at 4. If plaintiff did, in fact, relay these facts to the EEOC investigator, an inference might be drawn that plaintiff meant for his EEOC charge, broadly referencing the "sexual harassment charges," to incorporate these factual allegations. While the Court acknowledges the EEOC's determination that the "[i]nvestigation revealed sufficient evidence to establish that [plaintiff] did reasonably and in good faith engage in a protected activity when he disciplined three of his subordinates for sexually harassing a member of the public[,]" Dkt. # 29, at 11 (emphasis added), any oversight by the EEOC should not be binding on plaintiff. See Zambuto v. AT&T, 544 F.2d 1333, 1336 (5th Cir. 1977) ("[W]e will not visit the effects of [the] EEOC's erroneous practice on [plaintiff] who was misled by terminating her right to judicial examination of her employer's conduct.") The Court finds that the parties may conduct limited discovery for the purpose of determining whether plaintiff actually submitted to the EEOC investigator in written or oral form the details enumerated in his July 16, 2007 affidavit. If plaintiff cannot substantiate such a submission, defendant may renew its motion to dismiss plaintiff's second amended complaint for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint and Brief in Support (Dkt. # 25) is hereby **denied** without prejudice. The parties are granted until **January 31, 2008** to conduct discovery limited to the issue of whether plaintiff provided to the EEOC investigator in written or oral form the factual allegations contained in his July 16, 2007 affidavit (Dkt. # 29-2). Defendant may renew its motion to dismiss the second amended complaint for lack of subject matter jurisdiction no later than **February 15, 2008.**

**DATED** this 26th day of November, 2007.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT